**GOVERNMENT OF GUAM, Appellee**

**v.**

**ANNIE K. NEWMAN, Appellant**

Criminal No. 32-A

District Court of Guam

Appellate Division

February 6, 1965

Before SHRIVER, *Judge*, District Court of Guam; KIN-
NARE, *Associate Justice*, High Court of the Trust Ter-
ritory of the Pacific Islands and PEREZ, *Chief Judge*,
Island Court of Guam

PER CURIAM

OPINION

Annie K. Newman, the appellant herein, entered a plea
of not guilty in the Island Court of Guam to the charge of
operating a motor vehicle while under the influence of in-
toxicating liquor, in violation of Section 23405(a), Ch. 4,
Title 24 of the Government Code of Guam. Her plea of not
guilty was conditioned upon her contention that the offense
was committed upon a military reservation under the ex-
clusive jurisdiction of the United States of America. For
many years some question existed as to the extent, if any,
of the jurisdiction of the government of Guam over crim-
inal offenses committed on military reservations in Guam.
Any doubt was removed by the passage of Pub. L. 88–183,
Nov. 20, 1963, 77 Stat. 339, 48 U.S.C.A. § 1704. This pro-
vides:

(a) Except as otherwise provided in this section, the govern-
ments of Guam, the Virgin Islands, and American Samoa, as the
case may be, shall have concurrent jurisdiction with the United
States over parties found, acts performed, and offenses committed
on property owned, reserved, or controlled by the United States in
Guam, the Virgin Islands, and American Samoa. A judgment of
conviction or acquittal on the merits under the laws of Guam, the
Virgin Islands, or American Samoa shall be a bar to any prosecu-
tion under the criminal laws of the United States for the same act
or acts, and a judgment of conviction or acquittal on the merits

163

under the laws of the United States shall be a bar to any prosecution under the laws of Guam, the Virgin Islands, or American Samoa for the same act or acts.

(b) Notwithstanding the provisions of subsection (a) of this section, the President may from time to time exclude from the concurrent jurisdiction of the government of Guam persons found, acts performed, and offenses committed on the property of the United States which is under the control of the Secretary of Defense to such extent and in such circumstances as he finds required in the interest of the national defense.

It is not contended here that the President has excluded the reservation from the concurrent jurisdiction of the government of Guam. We are not concerned here with federal-state relationships as Guam is an unincorporated territory over which the United States Congress exercises legislative jurisdiction. We affirm the finding of guilt.